| | |
|---|---|
| **Subject:** | RE: [External] Re: VA17980-R/2 Pidgeon Hill Drive |
| **Date:** | Tuesday, September 13, 2022 at 9:26:10 AM Eastern Daylight Time |
| **From:** | Kaleb Bell <KBell@sbasite.com> |
| **To:** | Young Yoon <young.yoon.jdph@gmail.com> |
| **CC:** | Ernanda Parisotto <eparisotto@sbasite.com>, Denise Prade <DPrade@sbasite.com>, Tammy Mastrella <TMastrella@sbasite.com>, Jacob <jgbogatin@gmail.com>, Valeria G <vgunkova@gmail.com>, bngl7847@gmail.com <bngl7847@gmail.com> |
| **Priority:** | High |
| **Attachments:** | image001.jpg, 2 Pidgeon Hill Drive - Settlement Agreement and Release (Fully Executed) - 7-8-22 (00598486xD5CA7).pdf |

Good morning,

I have been advised that you have not made any of the agreed upon payments under the attached settlement agreement. At this point two payments are past due. Please advise as to the status of these payments by close of business today.

Thank you,

**Kaleb Bell**
*Senior Principal Corporate Counsel, Operations*

561.226.9268 + T

---

**From:** Young Yoon <young.yoon.jdph@gmail.com>
**Sent:** Monday, July 11, 2022 1:28 PM
**To:** Kaleb Bell <KBell@sbasite.com>
**Cc:** Ernanda Parisotto <eparisotto@sbasite.com>; Denise Prade <DPrade@sbasite.com>; Tammy Mastrella <TMastrella@sbasite.com>; Jacob <jgbogatin@gmail.com>; Valeria G <vgunkova@gmail.com>; bngl7847@gmail.com
**Subject:** Re: [External] Re: VA17980-R/2 Pidgeon Hill Drive

Confirm, thank you.

On Mon, Jul 11, 2022 at 1:10 PM Kaleb Bell <KBell@sbasite.com> wrote:

> No, you will not receive an invoice. You can mail them to the attention of Ernanda Parisotto at the following address:
>
> SBA Communications Corporation



PLAINTIFF'S EXHIBIT
Kamin 54

Page 1 of 5

8051 Congress Avenue
Boca Raton, FL 33487-1307

Thanks,

**Kaleb Bell**
*Senior Principal Corporate Counsel, Operations*



**SBA Communications Corporation**
8051 Congress Avenue
Boca Raton, FL 33487-1307

561.226.9268 + T
KBell@sbasite.com

*Member of the Florida Bar*

**Your Signal Starts Here.**

---

**From:** Young Yoon <young.yoon.jdph@gmail.com>
**Sent:** Monday, July 11, 2022 12:05 PM
**To:** Kaleb Bell <KBell@sbasite.com>
**Cc:** Tammy Mastrella <TMastrella@sbasite.com>; Jacob <jgbogatin@gmail.com>; Valeria G <vgunkova@gmail.com>; bngl7847@gmail.com
**Subject:** Re: [External] Re: VA17980-R/2 Pidgeon Hill Drive

Hello,

Are we going to receive an invoice for each month or do you want us to send out the check to the address listed on the agreement?

Thank you.

On Mon, Jul 11, 2022 at 10:23 AM Kaleb Bell <KBell@sbasite.com> wrote:

> Good morning,
>
> A fully executed version of the agreement is attached for your records. Please note the site ID (VA17980-R) on the checks when you mail them in, and let me know if you have any questions.
>
> Thanks,
>
> **Kaleb Bell**
> *Senior Principal Corporate Counsel, Operations*
>
> 561.226.9268 + T

**From:** Young Yoon <young.yoon.jdph@gmail.com>
**Sent:** Friday, July 8, 2022 11:01 AM
**To:** Kaleb Bell <KBell@sbasite.com>
**Cc:** Tammy Mastrella <TMastrella@sbasite.com>; Jacob <jgbogatin@gmail.com>; Valeria G <vgunkova@gmail.com>; bngl7847@gmail.com
**Subject:** Re: [External] Re: VA17980-R/2 Pidgeon Hill Drive

Hello,

Please find the signed copy attached; Only our mailing address is updated.

On Thu, Jul 7, 2022 at 1:49 PM Kaleb Bell <KBell@sbasite.com> wrote:

> Good afternoon,
>
> I have not received any response to my email below. Please let me know if you have any comments on the proposed settlement agreement.
>
> Thank you,
>
> **Kaleb Bell**
> *Senior Principal Corporate Counsel, Operations*
>
> 561.226.9268 + T
>
> ---
>
> **From:** Kaleb Bell
> **Sent:** Wednesday, May 25, 2022 4:53 PM
> **To:** 'Young Yoon' <young.yoon.jdph@gmail.com>; Tammy Mastrella <TMastrella@sbasite.com>
> **Cc:** Jacob <jgbogatin@gmail.com>; Valeria G <vgunkova@gmail.com>
> **Subject:** RE: [External] Re: VA17980-R/2 Pidgeon Hill Drive
>
> Good afternoon,
>
> As discussed, attached please find a draft of a proposed settlement agreement for review. Please let me know if you have any comments.
>
> Thank you,
>
> **Kaleb Bell**
> *Senior Principal Corporate Counsel, Operations*
>
> 561.226.9268 + T

**From:** Young Yoon <young.yoon.jdph@gmail.com>
**Sent:** Tuesday, March 1, 2022 3:25 PM
**To:** Tammy Mastrella <TMastrella@sbasite.com>
**Cc:** Kaleb Bell <KBell@sbasite.com>; Ernanda Parisotto <eparisotto@sbasite.com>; Dave McNulty <DMcnulty@sbasite.com>; Cindy Drinen <CDrinen@sbasite.com>; Jacob <jgbogatin@gmail.com>; Valeria G <vgunkova@gmail.com>
**Subject:** [External] Re: VA17980-R/2 Pidgeon Hill Drive

Dear Kaleb Bell,

With recent ownership of the building, we are experiencing unexpected expenses such as significant increase in property tax and other major maintenance expenses.  We would like to propose a 1 year payment plan (12 installments).   Please let me know if this is acceptable.

Thank you and we appreciate you working with us on this matter.

Sincerely,


On Tue, Feb 15, 2022 at 10:19 AM Tammy Mastrella <TMastrella@sbasite.com> wrote:

> Mr. Yoon,
>
> Please find enclosed a Notice of Default from Kaleb Bell.
>
> Thank you,
>
> **Tammy L. Mastrella, FRP**
> *Senior Paralegal, Legal Operations*
>
> 
>
> **SBA Communications Corporation**
> 8051 Congress Avenue
> Boca Raton, FL 33487-1307
>
> 561.226.9221 + **T**
> 561.322.2863 + **F**
> TMastrella@sbasite.com
>
> *Your Signal Starts Here.*
>
> This email (collectively with its attachments, the "Electronic Communication") is intended solely for the use of the individual(s) to whom it is addressed. The Electronic Communication may contain information that is confidential, privileged or otherwise protected from disclosure, or is intellectual property. No confidentiality, privilege or other protections, and no intellectual property rights, are waived or lost by any mis-transmission. If you are not the intended recipient of this Electronic Communication and/or believe you received this Electronic Communication in error, accessing, reading, acting upon, printing, disclosing, duplicating, retaining, or redistributing the Electronic Communication by any means is prohibited and you must notify the sender immediately, delete the Electronic Communication from your computer, servers and electronic media, and not access, read, act upon, print, disclose, duplicate, retain, or redistribute the Electronic Communication by any means. No employee or agent is authorized to conclude any binding agreement on behalf of the company with another party by Electronic Communication without the express consent of the company's General Counsel. Any tax statements contained in the Electronic Communication were not intended or written to be used, and cannot be used, for the purpose of avoiding U.S., federal, state or local tax penalties.

--
Young Yoon
Property Manager
BNG Group LLC
2 Pidgeon Hill Dr., Suite 210
Sterling VA 20165

--
Young Yoon
Property Manager
BNG Group LLC
2 Pidgeon Hill Dr., Suite 210
Sterling VA 20165

--
Young Yoon
Property Manager
BNG Group LLC
2 Pidgeon Hill Dr., Suite 210
Sterling VA 20165

--
Young Yoon
Property Manager
BNG Group LLC
2 Pidgeon Hill Dr., Suite 210
Sterling VA 20165

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is by and between **SBA Site Management, LLC**, a Florida limited liability company with its principal place of business at 8051 Congress Avenue, Boca Raton, FL 33487 ("SBA") and **BNG Group LLC,** a limited liability company with its principal place of business at 2 Pidgeon Hill Drive, Suite 240, Sterling, VA 20165 ("BNG" and, together with SBA, the "Parties").

### I. RECITALS

WHEREAS, BNG is the owner of certain real property located at 2 Pidgeon Hill Drive, Sterling, VA 20165 (the "Property"); and

WHEREAS, SBA operates and manages a communications facility on the Property (the "Site") pursuant to a Telecommunications Easement Agreement dated August 24, 2015 (the "Easement"); and

WHEREAS, in or about November of 2021, Loudon County, Virginia (the "County") advised SBA that there were delinquent real estate taxes owed on the Property for tax year 2021 in the amount of $41,327.57 (the "Outstanding Taxes"); and

WHEREAS, BNG did not pay the Outstanding Taxes, and on or about January 7, 2022, SBA paid the Outstanding Taxes to prevent foreclosure on the Property; and

WHEREAS, Section 7A(b) of the Easement requires BNG to pay the real estate taxes and all other assessments attributable to the Property; and

WHEREAS, as of the date of this Agreement, BNG has not reimbursed SBA in the amount of $41,327.57 for its payment of the Outstanding Taxes; and

WHEREAS, the Parties have agreed to resolve all disputes related to the Outstanding Taxes upon the mutual covenants, representations, and conditions contained in this Agreement.

NOW THEREFORE, the Parties hereby agree to the following:

### II. TERMS

1. <u>Recitals</u>.  The recitals set forth above are incorporated by reference herein.

2. <u>Effective Date</u>.  The effective date of this Agreement for all purposes shall be the date the last party signs (the "Effective Date").

3. <u>Payment to SBA</u>.  BNG shall pay to SBA the sum of $41,327.57 (the "Settlement Amount") via check, certified check or money order in twelve (12) monthly installments of $3,443.96. Each installment payment shall be due on the first day of the calendar month, with the first installment payment due on the first day of the calendar month immediately following the Effective Date.

4. <u>Mutual Releases</u>. Upon the Effective Date and timely payment of the Settlement Payment, BNG and its successors, assigns, agents, employees, predecessors, and/or all others that are in any way connected with or have any legal or equitable interest in the Easement, the Property or the Outstanding Taxes, hereby forever release and discharge, covenant not to sue or proceed against, and waive any and all claims, allegations, demands, actions, suits, causes of action, counterclaims, cross-claims, third-party actions, or arbitration or mediation demands, whether at law or in equity, and whether sounding in tort, contract, equity, nuisance, trespass, negligence, strict liability or any other statutory, regulatory, administrative, or common law cause of action of any sort, asserted and unasserted, known and unknown, anticipated and unanticipated, past, present, and future of any nature whatsoever that were or could have been asserted against SBA and any of its respective agents, principals, shareholders, officers, directors, employees, members, predecessors, successors, subsidiaries, subcontractors, affiliates, insurers, related companies, attorneys, assigns, underwriters, managers, partners, parent companies, stockholders, and/or all others that are in any way connected with the Easement, the Property or the Outstanding Taxes. Notwithstanding the above, BNG reserves, and this Agreement is without prejudice to, its right to enforce this Agreement.

Upon the Effective Date and timely payment of the Settlement Amount, SBA hereby forever releases and discharges, covenants not to sue or proceed against, and waives any and all claims, allegations, demands, actions, suits, causes of action, counterclaims, cross-claims, third-party actions, or arbitration or mediation demands, whether at law or in equity, and whether sounding in tort, contract, equity, nuisance, trespass, negligence, strict liability or any other statutory, regulatory, administrative, or common law cause of action of any sort, asserted and unasserted, known and unknown, anticipated and unanticipated, past or present, of any nature whatsoever that were or could have been asserted against BNG that are in any way connected with the Outstanding Taxes. Notwithstanding the above, SBA reserves, and this Agreement is without prejudice to, its right to enforce this Agreement.

5. <u>Notices</u>. Unless notified differently in writing, all notices under this Agreement shall be delivered via Federal Express or certified mail return receipt requested, and email, to:

|  |  |
|---|---|
| For SBA: | SBA Site Management, LLC<br>8051 Congress Avenue<br>Boca Raton, Florida 33487<br>Attention: Legal Operations<br>Phone: (561) 995-7670 |
| For BNG: | BNG Group, LLC<br>2 Pidgeon Hill Drive, Suite 240<br>Sterling, VA 20165<br>Phone: (703) 444-2800 |

All such notices under this Agreement sent by Federal Express or certified mail return receipt requested shall be presumed received two days after mailing.

00590617 - v1    Page **2 of 6**

6. <u>Confidentiality</u>. Except as otherwise required by applicable law or judicial procedure, and to the extent required for performance of the Parties' respective obligations under this Agreement, the Parties agree that the entry into and terms of this Agreement shall be confidential and shall not be disclosed by them; provided, however, that the Parties may disclose information about this Agreement: (a) to their attorneys; (b) to their accountants; (c) to their tax advisors or to government tax authorities to the extent necessary to assist in the preparation or review of tax returns; (d) in response to any inquiry about this Agreement or its underlying facts and circumstances by any federal, state, industry or regulatory agency or organization; and/or, (e) to the Parties' employees as may be necessary to perform or accomplish the terms of this Agreement or as necessary to their reasonable business purposes. The Parties further understand and acknowledge that any breach of this provision shall constitute a breach of this Agreement.

7. <u>Severability</u>. The provisions of this Agreement shall be and hereby are severable. If any provision hereof is declared to be inconsistent with federal or state law by a court of competent jurisdiction, and therefore unenforceable, then the remaining provisions of this Agreement shall remain in full force and effect.

8. <u>Advice of Counsel</u>. Each Party has read this entire Agreement. The Parties know and understand that the terms of the Agreement are contractual and not merely recitals. Each Party has authorized this Agreement to be signed of its own free accord, and in making this Agreement each Party has had the opportunity to obtain the advice of legal counsel. The Parties agree to bear their own attorneys' fees and costs incurred in all matters that led to the entry of this Agreement.

9. <u>Attorneys' Fees</u>. To the extent a dispute arises under this Agreement, the prevailing Party in any litigation shall be entitled to recover all of its reasonable attorneys' fees, costs and other expenses (e.g., attorneys' fees and expert witness fees) from the other Party.

10. <u>Representations and Warranties of SBA</u>. SBA makes the following representations and warranties:

   a. SBA has all requisite power and authority to enter into this Agreement and to carry out the transactions contemplated by this Agreement. The execution, delivery, and performance of this Agreement have been duly authorized by all necessary actions on the part of SBA.

   b. This Agreement has been duly executed and delivered by SBA, and constitutes the legal, valid, and binding obligation of SBA, enforceable in accordance with its terms.

11. <u>Representations and Warranties of BNG</u>. BNG makes the following representations and warranties:

   a. BNG has all requisite capacity, power and authority to enter into this Agreement and to carry out the transactions contemplated by this Agreement.

The execution, delivery, and performance of this Agreement have been duly authorized by all necessary actions on the part of BNG.

b. This Agreement has been duly executed and delivered by BNG, and constitutes the legal, valid, and binding obligation of BNG, enforceable in accordance with its terms.

c. BNG is the owner in fee simple of the Property, free and clear of all liens and encumbrances, and has not sold, assigned, granted, conveyed or transferred any interest in the Property to any other person, firm, corporation or entity. No other person, firm, corporation or entity has any interest whatsoever in, or lien upon, the Property.

12. Signatories. Each person executing this Agreement warrants that he or she has the authority and power to execute this Agreement from the Party on whose behalf he or she is executing, and that he or she is competent to execute this Agreement.

13. No Rights to Non-Parties. This Agreement is intended to confer rights and benefits only upon the Parties and is not intended to confer any right or benefit upon any other person or entity. Except as expressly provided herein, no person or entity other than the Parties shall have any legally enforceable right under this Agreement.

14. Arms-Length Negotiations. This Agreement is the product of arms-length negotiation, and the language in all parts of this Agreement shall be construed as a whole according to its meaning, and not strictly for or against any Party. The Parties hereto agree that this Agreement shall not be construed according to any special rules of construction applicable to contracts of adhesion and/or insurance contracts.

15. Modification. This Agreement may not be modified in whole or in part except by written agreement signed by all of the Parties.

16. Further Assurances. Each Party shall cooperate with the other and execute such instruments or documents and take such other actions as may reasonably be requested from time to time in order to carry out, evidence or confirm their rights or obligations to give effect to this Agreement.

17. Headings. The headings used in this Agreement are for convenience only and shall not be used to construe the provisions of this Agreement.

18. No Representations. The Parties represent and agree that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any other Party or by any other person or entity released herein with regard to the subject matter, basis, or effect of this Agreement, or otherwise, which is not specifically set forth herein.

19. Entire Agreement. This Agreement, including all Exhibits hereto, contains the entire integrated agreement between the Parties with respect to the subject matter of this

Agreement and supersedes all prior and contemporaneous understandings and agreements, whether oral or in writing, between the Parties with respect to the subject matter of this Agreement. There are no representations, agreements, arrangements or understandings, oral or in writing, between or among the Parties with respect to the subject matter of this Agreement which are not fully expressed in this Agreement. This Agreement is intended by the Parties as a final expression of their agreement with respect to the subject matter of this Agreement, and it may not be contradicted by evidence of any prior agreement or of any contemporaneous agreement with respect to the subject matter of this Agreement. This Agreement constitutes the complete and exclusive integrated statement of its terms with respect to the subject matter of this Agreement.

20. <u>Counterpart and Electronic Signatures</u>. This Agreement may be executed in multiple counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute one and the same instrument and agreement. This Agreement may be executed electronically.

21. <u>Governing Law</u>. This Agreement shall in all respects be interpreted, enforced, and governed under the law of the State of Florida and the law of the United States without regard to Florida's conflict of laws principles.

22. <u>No Waiver</u>. The failure of any of the Parties to exercise any power given such Party hereunder or to insist upon strict compliance by any Party with its obligations under this Agreement shall constitute a waiver of the Parties' right to demand exact compliance with the terms hereof.

23. <u>Time of the Essence</u>. Time is of the essence with respect to all obligations set forth in this Agreement.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Release by their duly authorized representatives, as set forth below.

**SBA SITE MANAGEMENT, LLC**

By: _Sharon S. Schwartz_ (signature)
Name: Sharon S. Schwartz
Title: VP and Associate General Counsel, Legal Operations
Date: 07/08/2022

**BNG GROUP, LLC**

By: _Valeria Gunkova_ (signature)
Name: VALERIA GUNKOVA
Title: President
Date: 07/08/22