**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

In re: )
)
)
VALERIA V. GUNKOVA, )       Case No. 23-11261-BFK
)       Chapter 11
)
)
Debtor. )
)
_____)

**ORDER: (A) SUSTAINING OPPOSITION
TO COUNSEL FOR THE DEBTOR'S FIRST
AND FINAL APPLICATION FOR COMPENSATION; AND
(B) ALLOWING FEES AND EXPENSES IN A REDUCED AMOUNT**

This matter comes before the Court on the First and Final Application of N D Greene PC for Compensation and Reimbursement of Expenses as counsel for the Debtor. Docket No. 265. Creditor Harry Kamin, individually and derivatively on behalf of BNG Group LLC, filed an Opposition to the Application. Docket No. 288. At the Court's request, Ms. Greene filed an Amended Supplement to the Application. Docket No. 298. Mr. Kamin filed a Response to the Amended Supplement. Docket No. 303.  For the reasons stated below, the Court will sustain Mr. Kamin's Opposition and will allow the Application in reduced amounts for fees and expenses.

    *A.  Compensation of Professionals – Section 330(a).*

Bankruptcy Code Sections 330(a)(1)(A) and (B) allow compensation for "actual, necessary services rendered" by professionals whose employment has been approved by the Court and "actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)–(B). In considering the amount of reasonable compensation to be awarded, the Court "shall consider the nature, the extent, and the value of such services," including "whether the services were necessary to the administration of,

1

or beneficial at the time at which the service was rendered toward the completion of a case under

[Chapter 11]." 11 U.S.C. § 330(a)(3)(C). Conversely, the Code provides that the Court "shall not

allow compensation for" services that were not "reasonably likely to benefit the debtor's estate; or

necessary to the administration of the estate." 11 U.S.C. § 330(a)(4)(ii)(I)–(II).

In the context of dischargeability litigation in an individual Chapter 11 case, the applicant

must demonstrate some benefit to the estate. *In re Grimm*, 156 B.R. 958 (E.D. Va. 1993). As Judge

Ellis held in *Grimm*:

> Although § 330(a) is properly and sensibly construed as requiring
> some showing of benefit to the estate, there is no warrant in the
> statute or policy for concluding that fees and expenses incurred in
> discharge proceedings may never be awarded. To the extent that any
> decisions seem to support such a per se rule, they are not followed
> here. Whether a § 330(a) fees and expenses award is appropriate
> depends on the specific facts presented. Courts must examine the
> facts of each case to determine whether § 330(a)'s requirements are
> met, including the requirement of benefit to the estate. In certain
> circumstances, counsel's services on behalf of a debtor in a
> discharge proceeding may involve a benefit to the estate. Whether
> this is such a case is left for the Bankruptcy Court to decide on
> remand after making appropriate findings of fact.

*Id*. at 962 (footnotes omitted).

The burden of demonstrating a benefit to the estate is on the applicant. *In re Lupton*

*Crossing LLC*, 638 B.R. 897, 906 (Bankr. E.D. Wis. 2022); *In re Wireless Telecomm. Inc.*,

449 B.R. 228, 231 (Bankr. M.D. Pa. 2011); *In re Rockland Indus., Inc.*, No. 21-02590-DD, 2022

WL 451542, at *6 (Bankr. D.S.C. Feb. 14, 2022); *In re Computer Learning Ctrs.*, 272 B.R. 897,

908 (Bankr. E.D. Va. 2001).

B. *Benefit to the Estate in this Case.*

Ms. Greene originally sought the approval of $164,693.00 in fees and expenses in the

amount of $1,988.86 from the bankruptcy estate. Docket No. 265. The Amended Supplement,

recognizing that some fees and expenses were for the benefit of the Debtor only, identified $69.083.00 in fees for the *Kamin v. Gunkova* Adversary Proceeding. Docket No. 298.[1] Of this amount, the Amended Supplement allocated $51,603.00 to the estate, and $25,355.00 to the Debtor, for a reduced fee request of $139,338.00. *Id.* Ms. Greene argues that "the only legal fees which could be said to solely benefit the Debtor were those related to the opposition to the Motion for Sanctions . . . ." *Id.* at p. 3. Mr. Kamin, on the other hand, argues that none of the fees allocated to the Adversary Proceeding ($69,083.00) benefitted the estate, and that $587.55 in expenses should be allocated to the Debtor rather than the estate. Docket No. 303, p. 3. The Court agrees with Mr. Kamin's position.

Ms. Greene responds that the fees sought primarily benefitted the estate because they were incurred in an effort to object to, or to liquidate, Mr. Kamin's and BNG's claims in the bankruptcy case. Docket No. 298, pp. 2-3. It is true that in the Motion to Dismiss, Ms. Greene argued that Mr. Kamin had not suffered any damages. Adv. Pro. No. 23-01062-BFK, Docket No. 9, pp. 12-14. The two Motions to Dismiss were denied, however, because counsel failed to appear at the hearing on March 5, 2024. Adv. Pro. No. 23-01062-BFK, Docket Nos. 32, 33, 38, 39. The Court then denied the Debtor's Motion to Reconsider. Adv. Pro. No. 23-01062-BFK, Docket No. 45. The Court does not see how this failed effort could be compensable at all.

The Debtor's Answer to the Adversary Proceeding Complaint raised affirmative defenses asserting that Mr. Kamin suffered no damages. Adv. Pro. No. 23-01062-BFK, Docket No. 47, pp. 13-15. The Court, however, never saw any litigation over the amount or the validity of the Kamin/BNG claims. The litigation turned swiftly to Mr. Kamin's Motion for Sanctions, which the Court ultimately granted. Adv. Pro. No. 23-01062-BFK, Docket Nos. 53, 104, 105. The Debtor

---

[1] The Complaint sought denial of the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2) & (6). *See* Adv. Pro. No. 23-01062-BFK, Docket No. 1.

never filed a motion for summary judgment on the amount or validity of the Kamin/BNG claims, and never objected to the Kamin/BNG claims in the main bankruptcy case. To this day, the amount of the Kamin/BNG claims remains undetermined.

The Court finds that Ms. Greene has not sustained her burden to demonstrate that the fees requested were for the benefit of the bankruptcy estate. The Court, therefore, will sustain Mr. Kamin's Opposition and will allow the Application in the reduced amounts, below.

It is therefore **ORDERED**:

1.       Mr. Kamin's Opposition (Docket No. 288) is sustained. N D Greene PC's Application (Docket No. 265) is allowed in the reduced amounts of **$95,610.00** in fees and **$1,401.31** in expenses.

2.       The Clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: Dec 10 2024

Alexandria, Virginia

/s/ Brian F Kenney

Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket:  Dec 10 2024

Copies to:

Valeria V. Gunkova
20701 Riptide Sq.
Sterling, VA, 20165
*Chapter 11 Debtor*

Nancy Greene
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 23030
*Counsel for Debtor*

Donald F. King
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Trustee*

4

Bandar Al-Saif
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Counsel for Trustee*

Michael T. Freeman
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for U.S. Trustee*

Jack Frankel
1725 Duke Street, Suite 650
Alexandria, VA 22314
*Counsel for US Trustee*

Bethany R. Benes
3975 Fair Ridge Drive
South Suite 246
Fairfax, Virginia 22033
*Counsel for Harry Kamin*

Tracey M. Ohm
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
*Co-counsel for Harry Kamin*

Angela Shortall
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
*BNG Group, LLC, Chief Restructuring Officer*

Lawrence A. Katz
1676 International Drive, Suite 1350
Tysons, VA 22102
*Counsel for Chief Restructuring Officer*

David W. Gaffey
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
*Counsel for Atlantic Union Bank*