IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
FRONT COUNTER
2025 JAN 17 AM 9:56
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

In ref: Valeria Gunkova,
Debtor Pro Ce

Case No. 23-11261-BFK
Chapter 7

# EMERGENCY MOTION TO OBJECT TO TRANSFER AND PROTECT OWNERSHIP RIGHTS

NOW COMES Valeria Gunkova, pro se, and respectfully submits this Emergency Motion to object to the transfer of a promissory note and deed of trust involving the property located at **2 Pidgeon Hill Drive, Sterling, Virginia 20165** (the "Property"), citing the urgency of irreparable harm if immediate relief is not granted. and respectfully moves this Honorable Court to object to the transfer of a promissory note and deed of trust involving the property located at **2 Pidgeon Hill Drive, Sterling, Virginia 20165** (the "Property"), and to protect Valeria Gunkova as a rightful 50% owner of the Property, who was not notified or consulted regarding this transfer. In support of this motion, Valeria Gunkova states as follows:

## BACKGROUND

1. **Ownership**: Movant, Valeria Gunkova is a 50% owner of the Property, evidenced by [specify proof, such as a deed or ownership agreement].
2. **Notice Received**: On January 14, 2025, Movant received a letter from 2 Pidgeon Hill, LLC and PBK Invest VA LLC (the "New Noteholders") asserting the transfer of a promissory note and deed of trust without Movant's prior knowledge or consent.
3. **Transfer Details**: The transfer allegedly occurred on December 20, 2024, as recorded under Instrument Nos. 20241220-0054915 and 20241220-0054916 in the Clerk's Office of the Circuit Court for Loudoun County, Virginia.
4. **Default Allegations**: The notice further alleged defaults on loan obligations, including failure to pay taxes and other charges. Movant asserts that Ms. Gunkova was not aware of the notice of default and did not receive any financial statements of the company. Furthermore, no tax returns were received for 2023, leaving her without critical information to address the alleged defaults.
5. **Lack of Notice**: Neither Movant, Movant's attorney Nancy Green, nor Movant's Trustee Donald King received any notice or working communication regarding the transfer or alleged defaults, in violation of due process and property rights.

6. **Unauthorized Actions**: All actions related to this transfer, including the alleged defaults and the acceleration of the loan, were taken without Movant's knowledge or consent by Angela Shortall, the court-appointed manager, and attorney Mr. Katz, further violating Movant's ownership rights and procedural protections.
7. **Misuse of Funds**: Movant asserts that Mr. Harry Kamin loaned over $100,000 to BNG Group LLC as a loan to address its financial obligations. Instead of using these funds to cure the alleged loan demand, Angela Shortall and attorney Mr. Katz improperly redirected this money to facilitate the transaction in question, further compounding the harm to Movant and other stakeholders.
8. **Ongoing Litigation**: Movant notes that there are ongoing legal proceedings involving Mr. Harry Kamin and Valeria Gunkova in both the Bankruptcy Court and Loudoun County Circuit Court, where Mr. Kamin is suing Ms. Gunkova. These ongoing disputes are directly relevant to the current matter and should be considered by this Court.
9. **Irreparable Harm**: Immediate intervention by this Court is critical to preserve the integrity of bankruptcy proceedings and prevent irreparable harm. Movant faces the imminent loss of ownership rights, substantial financial damages due to the unauthorized use of funds, and severe disruptions to tenants and stakeholders. Federal courts have consistently held that failure to act to prevent irreparable harm to estate property undermines the purpose of bankruptcy protections, as emphasized in *In re Cavanaugh*, 271 B.R. 414 (Bankr. D. Mass. 2001).

## URGENT RELIEF REQUESTED

Movant respectfully requests that this Court:

1. **Reverse the Transfer**: Immediately declare the transfer of the promissory note and deed of trust invalid due to lack of proper notice and consultation with Movant as a 50% owner, to prevent irreparable harm.
2. **Halt Enforcement Actions**: Issue an order preventing the New Noteholders from collecting rents, enforcing tenant leases, or taking possession of the Property until the matter is fully resolved.
3. **Require Accounting**: Direct the New Noteholders to provide a detailed accounting of all rents, leases, financial activities, and the disposition of funds, including the $100,000 loaned by Mr. Kamin.
4. **Emergency Temporary Restraining Order**: Issue an emergency temporary restraining order to halt all actions by the New Noteholders, including rent collection or possession, to protect Movant's rights until this motion is fully adjudicated.
5. **Protect Ownership Rights**: Affirm Movant's 50% ownership of the Property and ensure all future transactions involving the Property require Movant's consent.

## LEGAL BASIS AND PRECEDENTS

This motion is filed pursuant to:

1. **11 U.S.C. § 362** (Automatic Stay): Prohibits creditors from taking action against the debtor's property during the pendency of bankruptcy proceedings. The unilateral transfer of the note and deed of trust by the New Noteholders constitutes an unauthorized action and a direct violation of the automatic stay, as reaffirmed in *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000), which held that all actions affecting estate property during bankruptcy must be approved by the court.
2. **Virginia Code § 55.1-600 et seq.**: Protects co-owners' rights in jointly owned property and requires co-owner consent for transactions that significantly affect shared ownership rights. Failure to notify co-owners before altering shared property has been deemed inequitable and invalid, as upheld in *Taylor v. Taylor*, 229 Va. 521 (1985).
3. **Due Process Protections (U.S. Const. Amend. XIV)**: Fundamental due process requires notice and an opportunity to be heard before depriving an individual of property interests. The lack of notice to Movant and the unauthorized actions by the New Noteholders, Angela Shortall, and Mr. Katz violate these constitutional protections. This principle was firmly established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), which requires meaningful notice and opportunity to be heard in any proceeding affecting property rights.
4. **Additional Case Precedents**:

- *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992): Holds that any post-petition actions taken in violation of the automatic stay are void, not merely voidable.
- *Fuentes v. Shevin*, 407 U.S. 67 (1972): Reiterates the necessity of procedural due process in property disputes, particularly when actions result in deprivation of ownership or use of property.
- *Johnson v. Home State Bank*, 501 U.S. 78 (1991): Affirms that secured claims remain subject to bankruptcy proceedings, ensuring all creditor actions comply with federal law.
    - *In re Spirtos*, 221 F.3d 1079 (9th Cir. 2000): Establishes that creditors must seek court approval before taking actions that affect estate property during bankruptcy.
    - *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950): Holds that adequate notice and a meaningful opportunity to be heard are required in proceedings that affect property rights.
    - *Johnson v. Home State Bank*, 501 U.S. 78 (1991): Reaffirms that secured claims remain subject to bankruptcy proceedings and creditor actions must comply with bankruptcy law.

5. **Equity Principles**: Equity demands that actions affecting co-owned property are undertaken fairly and with transparency. The unilateral actions of the New Noteholders, without notice or consultation, violate these principles.

# EXHIBITS

Movant attaches the following exhibits in support of this motion:

- Exhibit A: Copy of the letter dated January 14, 2025, from the New Noteholders.

- Exhibit B: Documentation of Movant's ownership interest in the Property.
- Exhibit C: Evidence disputing alleged defaults (e.g., proof of payments).
- Exhibit D: Public records of the transfer (Instrument Nos. 20241220-0054915 and 20241220-0054916).
- Exhibit E: Relevant excerpts from the ongoing litigation between Harry Kamin and Valeria Gunkova.
- Exhibit F: Documentation of Mr. Kamin's $100,000 loan and evidence of its misuse.

## NOTICE

A copy of this motion will be served upon:

- 2 Pidgeon Hill, LLC and PBK Invest VA LLC
- Debtor (Pro Se)
- All parties listed in the January 14, 2025, letter

## CONCLUSION

WHEREFORE, Movant respectfully requests that this Court:

1. Declare the transfer of the promissory note and deed of trust invalid.
2. Halt all enforcement actions by the New Noteholders.
3. Protect Movant's 50% ownership rights.
4. Require an immediate and detailed accounting of all financial activities.
5. Issue a temporary restraining order to halt further actions by the New Noteholders.
6. Grant any additional relief this Court deems just and proper.

Dated: January 17, 2025

Respectfully submitted,

Valeria Gunkova
Pro Ce
20701 Riptide Sq
Sterling VA 20165
Valeria@ariamedispa.com
703 344 3189

# ▲ Atlantic
# ▲ Union Bank

**VIA FED EX and Regular Mail**
September 20, 2023

BNG GROUP LLC
2 Pidgeon Hill Drive, Suite 100
Sterling, VA 20165
Attn: Harry Kamin as Manager
Valeria Gunkova as Manager

Harry Kamin
2 Pidgeon Hill Dr., Suite 100
Sterling, VA 20165

*Re: **NOTICE OF DEFAULT AND RESERVATION OF RIGHTS***

*Lender: Atlantic Union Bank, (the "Bank")*

*Borrower: BNG GROUP LLC (the "Borrower")*

*Promissory Note dated October 30, 2020, secured by Deed of Trust on real property known as 2 Pidgeon Hill Dr., Sterling, VA (Loan #XXXXXX6666)*

Dear Borrower:

On behalf of Atlantic Union Bank, (the "Bank") this letter is to provide written notice that BNG GROUP LLC is in breach of the terms, covenants, and conditions of the Promissory Note dated October 30, 2020 in the original principal amount of $7,360,000.00 (the "Note") as renewed, amended, modified or substituted and related Loan Documents. More details regarding the Note, including the current outstanding principal balance, are described on the Exhibit A attached hereto. Harry Kamin (the "Guarantor") and Valeria Gunkova unconditionally guaranteed the obligations under the Note each pursuant to a Guaranty and Indemnification Agreement (the "Guaranty") dated October 30, 2020.[1]

The Note is secured by a Deed of Trust, Assignment of Rents and Security Agreement on real property known as 2 Pidgeon Hill Drive, Sterling, VA (the "Real Property Collateral") and an Assignment of Leases and Rents and Leases ("Assignment of Rent") dated October 30, 2020. The obligations under the Note are also subject to that Loan and Security Agreement dated October 30, 2020 ("Loan Agreement"). The Note, the Deed of Trust, the Assignment, the Loan Agreement and all other documents and agreements executed in connection therewith or relating thereto are referred to herein collectively as the "Loan Documents." All amounts due or to become due under the Loan Documents are referred to herein collectively as the "Obligations."

The Loan Documents are now in default for failure to comply with the terms and covenants of the Loan Documents as described more fully below. The purpose of this letter is to provide 30-day written notice and an opportunity to cure the following defaults.

Specifically, the Borrower is in violation of Section 4.3 of the Loan Agreement and Section 1.3 of the Deed of Trust. Section 4.3 and Section 1.3 require that the Borrower pay all taxes promptly when due. According to the Loudoun County web site, real estate taxes for the Real Property Collateral totaling $91,467.95 are unpaid and collectively represent all or portions of invoices due December 5, 2022 and June 5, 2023.

---

[1] On August 3, 2023, Valeria Gunkova filed Chapter 11 bankruptcy in the United States Bankruptcy Court for Eastern District of Virginia, Alexandria Division. For avoidance of doubt, nothing in this Notice of Default and Reservation of Rights is a demand for payment or performance by Gunkova in her personal capacity.

The Borrower also is not in compliance with the terms and conditions of Section 8.7 of the Loan Agreement regarding the Reserve Account. As of August 5, 2023, the Reserve Account is $113,980.19 underfunded and the Borrower has failed to make the required payments. Additionally, the Borrower has withdrawn funds from the Reserve Account without supporting documentation, inspections and consent as required in Section 8.7.

Pursuant to Loan Documents, BNG has 30 days to cure the defaults listed herein.

The Bank specifically reserves all rights or remedies available to it for any breach or default under the Note and the related Loan Documents. Neither the failure or delay on the part of the Bank to have noticed a default, exercised remedies to date, or to immediately exercise remedies available to the Bank, nor the Bank's acceptance of payments with respect to the Note (including any payments in transit), constitutes a waiver of, or forbearance with respect to, any default, or an election or waiver of remedies the Bank has under the Loan Documents. Furthermore, nothing contained herein or in previous or subsequent discussions or communications between the Borrower and the Bank and their respective representatives shall serve or be deemed to waive or modify any provision of the Loan Documents, or waive, modify, limit or postpone any rights and/or remedies of the Bank thereunder, all of which rights and remedies are hereby expressly reserved by the Bank. Any agreement by the Bank, including any agreement to forbear, modify the loan documents or waive any rights or remedies, must be in writing and signed by the Bank; no oral or implied agreement of any kind will be recognized or enforceable.

In addition, any partial payment or performance made by or on behalf of the Borrower to the Bank, if accepted, shall not constitute a waiver or modification of any violations of the loan documents or a waiver or postponement of any rights and/or remedies of the Bank.

To date, the Bank is unaware that any party other than Ms. Gunknova has filed for protection under the United States Bankruptcy Code. If either the Borrower or Guarantor has filed for protection under the United States Bankruptcy Code, this notice has been sent because the Bank is unaware of the bankruptcy case. If the foregoing applies, it is important that the bankruptcy attorney contact us immediately with the case number and jurisdiction of the case. In addition, if you are eligible for protection under the Service Member Civil Relief Act, or think you might be, please contact the undersigned as soon as possible.

Please contact me at 703-871-1035 if you have any questions or wish to discuss this matter further.

Very truly yours,

John A. Eubank
Vice President
Atlantic Union Bank
1800 Robert Fulton Drive
Reston, VA 20191

c.c. Harry Kamin, 320 S. Surf Rd, Apt 504, Hollywood, FL 33019

BNG GROUP LLC
September 20, 2023
Page 3

**EXHIBIT A**
As of September 6, 2023

| Borrower | Loan No. | Principal Balance Outstanding* |
|---|---|---|
| BNG GROUP LLC | XXXXXX6666 | $6,792,097.86 |

* excluding accrued interest, legal fees and expenses, if any.

<div style="text-align:center">

**2 PIDGEON HILL, LLC**
**PBK INVEST VA LLC**
c/o 320 S Surf Road, Apt 504
Hollywood, FL, 33019 - 2033

January 14, 2025

</div>

**By UPS Overnight and First Class U.S. Mail, Postage Prepaid**

| | |
|---|---|
| BNG GROUP LLC<br>2 Pidgeon Hill Drive, Suite 100<br>Sterling, VA 20165<br>Attn: Harry Kamin as Manager<br>Attn: Valeria Gunkova as Manager<br>Attn: Angela L. Shortall as Chief Restructuring Officer | Harry Kamin<br>320 S Surf Road, Apt 504<br>Hollywood, FL 33019 - 2033 |
| Angela L. Shortall<br>Chief Restructuring Officer<br>BNG Group LLC<br>111 S. Calvert Street, Suite 1400<br>Baltimore, MD 21202 | Donald F. King, Esquire<br>Chapter 7 Trustee for Bankruptcy<br>   Estate of Valeria Gunkova<br>Odin Feldman & Pittleman, P.C.<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190 |
| cc: Lawrence A. Katz, Esquire<br>Hirschler<br>1676 International Drive, Suite 1350<br>Tysons, VA 22102 | cc: Bandar K. Al-Saif, Esquire<br>ODIN FELDMAN PITTLEMAN PC<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190 |
| cc: Nancy D. Greene, Esquire<br>N D Greene PC<br>3977 Chain Bridge Rd, Suite 1<br>Fairfax, VA 22030 | |

<div style="text-align:center">

**RE: NOTICE OF ASSIGNMENT/TRANSFER OF NOTE;**
**NOTICE OF CONTINUED DEFAULTS;**
**NOTICE OF APPLICATION OF DEFAULT INTEREST RATE;**
**NOTICE OF ACCELERATION; NOTICE TO COLLECT RENTS;**
**NOTICE TO TAKE POSSESSION; AND RESERVATION OF RIGHTS**

</div>

| | |
|---|---|
| Noteholders/Beneficiaries: | 2 PIDGEON HILL, LLC and PBK INVEST VA LLC (collectively, the "**New Noteholder/Beneficiary**") |
| Borrower: | BNG GROUP LLC (the "**Borrower**") |

Promissory Note dated October 30, 2020 (the "**Note**") in the original principal amount of $7,360,000.00 made and delivered by the Borrower to and in favor and for the benefit of Atlantic Union Bank (the "**Original Noteholder/Beneficiary**")

Docusign Envelope ID: D71F5E55-F381-4BF0-AE00-0E974D2B20C8

BNG GROUP LLC
January 14, 2025
Page 2

The Note is secured by a Deed of Trust, Assignment of Rents and Security Agreement dated October 30, 2024 (the "**Deed of Trust**") granted by the Borrower in favor of Union Service Corporation as trustee for the benefit of the Original Noteholder/Beneficiary and recorded on November 2, 2020 as Instrument No. 20201102-0105031 in the Clerk's Office of the Circuit Court for Loudoun County, Virginia securing a lien on property commonly known as 2 Pidgeon Hill Drive, Sterling (Loudoun County), Virginia 20165 (the "**Property**").

The Note also is secured by an Assignment of Rents and Leases dated October 30, 2020 (the "**Assignment of Rents**") granted by the Borrower in favor of the Original Noteholder/Beneficiary and recorded on November 2, 2020 as Instrument No. 20201102-0105032 in the Clerk's Office of the Circuit Court for Loudoun County, Virginia securing a lien against leases and rents relating to the Property.

Dear Borrower:

You are hereby notified and advised as follows:

1.   The Note has been assigned/transferred to the New Noteholder/Beneficiary. Copies of Certificates of Transfer dated December 12, 2024 and recorded on December 20, 2024 as Instrument Nos. 20241220-0054915 and 20241220-0054916 in the Clerk's Office of the Circuit Court for Loudoun County, Virginia are attached hereto as **Exhibit "A"**.

2.   Contact information for the New Noteholder/Beneficiary for communications, notice and other purposes follows:

Andrey Stolbunov
2 PIDGEON HILL, LLC
320 S Surf Road, Apt 504
Hollywood, FL 33019 – 2033
Email: admin@2pidgeonhill.com

| cc: Bethany Benes, Esquire | cc: David R. Ruby, Esquire |
| BETHUNE BENES | Thompson McMullan, P.C. |
| 3 Boar's Head Lane | 100 Shockoe Slip |
| Charlottesville, VA 22901 | Richmond, VA 23219 |
| Email: bbenes@bethunebenes.com | Email: druby@t-mlaw.com |

Payments and other sums due to be paid to or owing to the New Noteholder/Beneficiary should be made to New Noteholder/Beneficiary at:

By Mail
2 Pidgeon Hill, LLC
320 S Surf Road, Apt 504
Hollywood, FL 33019

Wiring Instructions
Acct. #2505856423
Wells Fargo Bank, NA
Routing (ABA) 121000248
Bank address: 420 Montgomery Street
San Francisco, CA, 94104

BNG GROUP LLC
January 14, 2025
Page 3

      3.      By Notice of Default and Reservation of Rights dated September 20, 2023 (the "**Notice of Default**") issued by the Original Noteholder/Beneficiary to the Borrower, the Borrower was notified that it was in default and in breach of its obligations to the Original Noteholder/Beneficiary under various loan documents, including, but not limited to, the Note, the Deed of Trust, the Assignment of Rents and Loan and Security Agreement dated October 30, 2020 (all such documents, agreements, instruments, deeds of trust and other related documents collectively, the "**Loan Documents**"). A copy of the Notice of Default is attached is hereto as **Exhibit "B"**.

      4.      The Notice of Default specified various defaults – failure to pay real estate taxes, failure to fund a required Reserve Account and unauthorized withdrawals from the Reserve Account (collectively, the "**Events of Default**"). The Borrower was provided with thirty (30) days to cure the Events of Default. The Events of Default have not been cured and continue and remain. Additional defaults include, but are not limited to, default in making required payments under the Note and default in payment of utilities (such defaults also Events of Default). As of the date of this Notice, the Borrower is more than four (4) months behind in its payment obligations.

      5.      By virtue of the Events of Default and pursuant to the Note and other of the Loan Documents, the applicable rate of interest has been increased by five (5) percentage points from Three and 19/100 percent (3.19%) to Eight and 19/100 percent (8.19%) effective November 1, 2023.

      6.      By virtue of the Events of Default and pursuant to the Note and other of the Loan Documents, the indebtedness evidenced by Note is hereby accelerated and due and payable immediately – all principal, together with and plus all interest, late charges, other charges and fees, attorneys' fees, advancements and any and all sums due under the Note and other of the Loan Documents. **As of December 31, 2024,** the balance due under the Note totaled $7,710,992.20, calculated as follows:

| | |
|---|---:|
| Principal: | 6,599,501.13 |
| Interest: | 456,356.92 |
| Late Charges: | 329,975.06 |
| Legal/Foreclosure Fees: | 157,725.22 |
| Real Estate Taxes Advanced: | 169,483.87 |
| Misc. – Appraisal Fees: | 5,950.00 |
| **Total:** | **$7,718,992.20** |

*Per Diem*: **$1,501.39**

Since that time, additional interest, late charges, other charges, costs and fees, attorneys' fees, advancements and other sums are owed, have accrued and continue to accrue.

BNG GROUP LLC
January 14, 2025
Page 4

      7.     By virtue of the Events of Default and pursuant to various of the Loan Documents, including, but not limited to, the Assignment of Rents, the Borrower's license to collect rents is hereby terminated. All rents collected and received to date and to be collected or received in the future have been collected and received and are being collected and received solely for the benefit of the New Noteholder/Beneficiary and are to be paid and turned over to the New Noteholder/Beneficiary immediately.

      8.     Commencing fifteen (15) days from the date of this Notice, the New Noteholder/Beneficiary shall (i) commence to collect rents directly from tenants and enforce tenant leases; (ii) commence to notify tenants that rents are to be paid to the New Noteholder/Beneficiary directly and that the New Noteholder/Beneficiary shall enforce tenant leases against tenants for failure to comply with lease terms; and (iii) commence to take possession of the Property and operate and manage the Property.

      9.     The Borrower is hereby directed to provide to the New Noteholder/Beneficiary a full and complete audit and report regarding the Borrower's financial condition and operations and management of the Property, including, but not limited to, the following documentation, records and information: (i) Borrower financials – 2024 cash flow statement, income statement and balance sheet; (ii) 2023 federal and state tax returns; (iii) 2024 bank statements; (iv) tenant records, status of leases and other tenant issues; (v) rent roll; and (vi) maintenance and repair records and issues.

     The New Noteholder/Beneficiary specifically reserves the following: (i) any and all additional rights and remedies available to it under the Note and the other Loan Documents and (ii) any and all rights and remedies available to it for any and all breaches or defaults under the Note and/or the other Loan Documents, whether such breaches or defaults occurred in the past or shall occur in the future.

     ***The New Noteholder/Beneficiary is aware that Valeria Gunkova is a debtor in a Chapter 7 bankruptcy case currently pending in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, Case No. 23-11261 BFK. For the avoidance of doubt, nothing in this Notice and Reservation of Rights is a demand for payment or performance by Ms. Gunkova in her personal capacity.***

     Thank you for your cooperation.

     Please feel free to contact Andrey Stolbunov should you have any questions.

                           Sincerely yours,

                           2 Pidgeon Hill, LLC

                         By: *Harry Kamin*
                             Harry D. Kamin, Manager

# EXHIBIT "A"

## Certificates of Transfer

20241220-0054915
Electronic Recording
Loudoun County, VA
12/20/2024 8:23:28 AM
Gary M. Clemens, Clerk
Pages:2

## CERTIFICATE OF TRANSFER

*(Space above is for Recorder's use)*

Prepared By:
ATLANTIC UNION BANK
4300 Cox Road
Glen Allen, Virginia 23060

Tax Map Nos.: 029394077000

When Recorded Mail To:
Corey S. Booker, Esquire
ATLANTIC UNION BANK
4300 Cox Road
Glen Allen, Virginia 23060

### CERTIFICATE OF TRANSFER

Place of Record: Clerk's Office of the County of Loudoun, Virginia

Date of Deed of Trust, Assignment of Rents and Security Agreement: October 30, 2020

Date of Recordation: November 2, 2020

Instrument Number: 20201102-0105031

Names of Obligors or Makers: BNG Group LLC

Names of Trustees: Union Service Corporation

Name of Original Payee or Obligee: Atlantic Union Bank

Original Amount Secured: $7,360,00.00

The undersigned, the original payee or obligee, of the obligation secured by the above mentioned Deed of Trust, Assignment of Rents and Security Agreement hereby certifies that the obligations secured thereby have been assigned to: 2 Pidgeon Hill, LLC, a Virginia limited liability company, and PBK Invest VA LLC, a Delaware limited liability company.

1

Given under my hand as of the 12 day of December, 2024.

ASSIGNOR:

ATLANTIC UNION BANK

By: _____/s/_____ Vice President

Name: John Stone
Title: Vice President

COMMONWEALTH OF VIRGINIA    )
                            )
COUNTY/CITY OF Roanoke      )

On this 12 day of December, 2024, before me, the undersigned Notary Public, personally appeared John Stone and known to me to be the Vice President, authorized agent for Atlantic Union Bank that executed the within and foregoing instrument and acknowledged said instrument to be the free and voluntary act and deed of Atlantic Union Bank, duly authorized by Atlantic Union Bank through its board of directors or otherwise, for the uses and purposes therein mentioned, and on oath stated that he is authorized to execute this said instrument and in fact executed this said instrument on behalf of Atlantic Union Bank

My Commission Expires: 9/30/2028    _____/s/ Tamara K Hartson_____
                                                    Notary Public
My Registration Number: 7122981

```
TAMARA K. HARTSON
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7122981  9/30/2028
My Commission Expires ___9/30/2028
```

2