# TAB 3

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

In re:

VALERIA V. GUNKOVA,

Debtor.

Case No. 23-11261-BFK

Chapter 7

**MOTION TO MODIFY CONSENT ORDER PURSUANT TO FED. R. CIV. P. 60(b)**

(Filed Pro Se)

COMES NOW the Debtor, Valeria V. Gunkova ("Debtor"), appearing Pro se, and respectfully moves this

Honorable Court for relief from the Consent Order entered on May 15, 2025 [Dkt. No. 370], pursuant to Rule

60(b)(1), (5), and (6) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings

through Bankruptcy Rule 9024. In support thereof, the Debtor states as follows:

**I. BACKGROUND**

1. The Debtor filed a voluntary Chapter 11 petition on July 5, 2023, with the good-faith intent of reorganizing

her financial affairs, preserving her assets, and providing structured relief to creditors under court

supervision.

2. During the course of the proceedings, the case was converted to Chapter 7. The Debtor did not agree with or consent to the conversion and believed that Chapter 11 was the appropriate and intended framework for her situation. The Debtor opposed liquidation of her primary residence and business assets and consistently maintained that reorganization was both feasible and equitable. Nevertheless, the case was converted over her objection.

3. Throughout the bankruptcy process, the Debtor followed the advice of legal counsel. She transferred ownership interests, submitted to court oversight, and made critical decisions in reliance on professional legal guidance, believing such actions would ultimately preserve her home and allow for a viable path forward under bankruptcy protection.

4. On March 27, 2025, this Court entered an order denying the Debtor a discharge in Adversary Proceeding No. 24-01062-BFK. However, the Debtor was subsequently granted a discharge in the main Chapter 7 case.

5. On May 15, 2025, this Court entered a Consent Order authorizing the Chapter 7 Trustee to sell the Debtor's residence and vehicle if the Debtor failed to complete an equity buyback by June 14, 2025. The Order also required turnover of the property and vehicle within 60 days, by July 14, 2025, if payment was not made.

6. At all relevant times, the Debtor acted in good faith and made diligent efforts to perform under the Consent Order. She secured approved financing totaling $405,354.58 through a first mortgage and second line of credit, based on a professional appraisal valuing her home at approximately $713,000

,000.

7. Despite her readiness to close the refinancing, the process was delayed by the title company's refusal to release wire instructions, payoff statements, or escrow documents without formal authorization from the Trustee or his attorney. This third-party obstacle was outside the Debtor's control.

8. The Trustee informally acknowledged this delay and did not move for turnover or sale, but no formal extension or modification of the Consent Order was entered.

## II. ADDITIONAL DEVELOPMENTS & HARDSHIP

9. The Debtor has now received a full discharge under Chapter 7. She has surrendered or arranged for liquidation of all major assets for the benefit of creditors.

10. Her ownership in BNG Group was sold, and the proceeds were applied to satisfy one of the largest creditor claims in the case.

11. Her spa business, Skin Logic LLC, is under contract for $1,150,000, and sale proceeds are expected to further benefit the estate.

12. Over the course of this case, the Debtor has paid more than $85,000 in legal fees and has incurred an additional $150,000 in attorneys' fees. These sums were paid by borrowing from relatives and drawing on her home equity. In total, she has spent approximately $650,000 attempting to comply with the bankruptcy process and protect her assets.

13. Throughout this proceeding, the Debtor followed the advice of legal counsel. She transferred ownership, submitted to court oversight, and made decisions in reliance on professional legal advice? believing it would preserve her home and provide a path forward.

14. Despite all efforts and compliance, the Debtor has lost her stake in BNG Group and her business Skin Logic LLC, and now faces the imminent loss of her primary residence.

15. The Debtor's mother, who 13 years resided with her, has suffered serious health deterioration due to prolonged stress from this litigation. The Debtor herself has experienced extraordinary emotional and financial strain.

16. Despite these difficulties, the Debtor remains current on her primary mortgage, Equity Line, property taxes, insurance, and utility bills. She is capable of maintaining her home and continuing her life independently if allowed to retain the property.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final order for the following relevant reasons:

60(b)(1) - mistake, inadvertence, surprise, or excusable neglect;

60(b)(5) - the judgment has been satisfied or is no longer equitable;

60(b)(6) - any other reason justifying relief.

## IV. GROUNDS FOR RELIEF

A. Excusable Neglect - Rule 60(b)(1): The Debtor's failure to meet the deadline in the Consent Order was due

to third-party delays by the title company, not lack of diligence. This constitutes excusable neglect or

procedural interference.

B. No Longer Equitable - Rule 60(b)(5): The Consent Order was based on conditions that no longer exist.

The Debtor has been discharged. The liquidation of other assets has satisfied estate claims. The sale of the residence is no longer necessary and would be inequitable under present circumstances.

C. Extraordinary Circumstances - Rule 60(b)(6): The combination of asset forfeiture, financial devastation, and ongoing hardship? paired with the Debtor's full compliance and good faith? supports equitable relief.

The intended bankruptcy 'fresh start' has not materialized, and further enforcement of the Consent Order will result in disproportionate harm.

**V. REQUESTED RELIEF**

The Debtor respectfully requests that this Court:

1. Modify or vacate the Consent Order to remove provisions requiring sale or turnover of the Debtor's residence and vehicle.

2. Vacate all penalty provisions and performance deadlines previously imposed.

3. Deem the residence abandoned to the Debtor and prohibit any sale without further order of the Court.

4. Direct closure of the Chapter 7 case unless another motion or proceeding justifies continuation.

5. Grant any other relief necessary to carry out the purpose of this modification and to protect the Debtor's fresh start and residence.

**VI. CONCLUSION**

The Debtor has given everything asked of her in this case: equity, assets, and good faith compliance. Her home is all she has left. Justice and equity demand that the Court revisit the Consent Order and allow her to preserve her residence and dignity.

FOURTH CIRCUIT AND SUPREME COURT PRECEDENTS

- Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993): Excusable neglect includes third-party delays.

- Horne v. Flores, 557 U.S. 433 (2009): Courts must reassess equity when circumstances change.

- Aikens v. Ingram, 652 F.3d 496 (4th Cir. 2011): Rule 60(b)(6) permits relief in extraordinary cases.

- Compton v. Alton S.S. Co., 608 F.2d 96 (4th Cir. 1979): Rule 60(b) should be liberally construed.

- Werner v. Carbo, 731 F.2d 204 (4th Cir. 1984): Equitable relief warranted where failure was beyond movant's control.

- Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988): Preference for resolution on the merits where procedural default occurred.

- Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262 (4th Cir. 1993): Relief proper where denial would cause injustice due to circumstances outside movant's control.

July 21, 2025

Respectfully submitted,

/s/ Valeria V. Gunkova

Valeria V. Gunkova

20701 Riptide Square

Sterling, VA 20165

(703) 344-3189

valeria@ariamedispa.com

**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION**

**In re:**
**Valeria V. Gunkova,**
Debtor. Chapter 7
**Case No.:** 23-11261 BFK

CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: **EQUITY SUMMARY**

**Date Document Filed:**
July 21, 2025,
Docket Entry No.: _____
I declare under penalty of perjury that (Check one box):

☒ **No attorney has prepared or assisted in the preparation of this document.**

[ ] The following attorney prepared or assisted in the preparation of this document.

Name of Attorney: _____
Address of Attorney: _____
Telephone Number of Attorney: _____
**Name of Pro Se Party (Print or Type):**   /s/ Valeria Gunkova

**Signature of Pro Se Party:** *[signature]*

**Executed** on   July 21, 2025.

# TAB 2

**EQUITY SUMMARY MOTION TO MODIFY CONSENT ORDER**

Filed by: Valeria V. Gunkova

(Pro Se)

Case No. 23-11261-BFK

Date: July 21, 2025

- I filed this case to protect my home and businesses. I disagreed with the liquidation and opposed the conversion to Chapter 7.

- I signed the Consent Order under the advice of my attorney and obtained approved financing for the equity buyback.

- I was ready and willing to close, but the title company delayed the process pending Trustee authorization—this was beyond my control.

- I have lost nearly everything: my business (Skin Logic LLC), my interest in BNG Group, and $650,000 in legal fees. I borrowed from family and used all available resources in good faith.

- I am current on my mortgage, taxes, insurance, and utility bills. I am capable of maintaining the home and am not seeking discharge of this debt, only to keep my primary residence.

- Major creditors have already been paid, including Mr. Kamin. The estate has recovered substantial value, and no creditor is prejudiced by this request.

- My mother, who lives with me, has experienced serious health deterioration due to the prolonged stress and instability. I too have endured immense hardship.

- I respectfully ask the Court to vacate the Consent Order's turnover and penalty provisions so that I may retain my home and move forward with the fresh start envisioned by the Bankruptcy Code.

July 21, 2025

Respectfully submitted,

*/s/* **Valeria V. Gunkova**

Valeria V. Gunkova

20701 Riptide Square

Sterling, VA 20165

(703) 344-3189

valeria@ariamedispa.com

**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION**

**In re:**
**Valeria V. Gunkova,**
Debtor. Chapter 7
**Case No.:** 23-11261 BFK

CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: **DECLARATION OF VALERIA V. GUNKOVA**

**Date Document Filed:**
July 21, 2025,
Docket Entry No.: _____
I declare under penalty of perjury that (Check one box):

☒ **No attorney has prepared or assisted in the preparation of this document.**

[ ] The following attorney prepared or assisted in the preparation of this document.

Name of Attorney: _____
Address of Attorney: _____
Telephone Number of Attorney: _____
**Name of Pro Se Party (Print or Type):**   /s/ Valeria Gunkova

**Signature of Pro Se Party:** _/s/ Valeria Gunkova_

**Executed** on   July 21, 2025.

# TAB 4

**DECLARATION OF VALERIA V. GUNKOVA IN SUPPORT OF MOTION TO MODIFY CONSENT ORDER**

I, Valeria V. Gunkova, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Debtor in the above-captioned Chapter 7 bankruptcy case. I submit this Declaration in support of my Motion to Modify Consent Order entered on May 15, 2025 [Dkt. No. 370].

2. I filed this case in good faith under Chapter 11 to preserve my assets, reorganize my obligations, and protect my home and business interests. I did not agree with the conversion to Chapter 7, which occurred over my objection.

3. Throughout the bankruptcy process, I relied on the advice of legal counsel. I cooperated with the Court and the Trustee, transferred ownership of assets, and complied with all procedural requirements believing that doing so would allow me to preserve my home.

4. I secured financing in the amount of $405,354.58 and obtained a professional appraisal valuing my home at $713,000. I intended to complete the equity buyback as required by the Consent Order, but the closing process was delayed due to third-party title company issues beyond my control.

5. As detailed in my prior filings, I have already lost my business (Skin Logic LLC), my ownership interest in BNG Group, and spent approximately $650,000 in legal and case-related costs, including borrowing from family and using home equity.

6. My mother lives with me, and her health has declined due to the stress caused by these proceedings. I, too, have experienced significant emotional distress and financial hardship.

7. Despite everything, I remain current on my mortgage, home equity line of credit, property taxes, insurance, and utility payments. I am capable of maintaining my home and continuing my life independently if I am allowed to retain my residence.

8. I respectfully request that the Court relieve me from the Consent Order so I may keep my home and move forward with a fresh start as intended by the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2025.

Respectfully submitted,

/s/ Valeria V. Gunkova

Valeria V. Gunkova

20701 Riptide Square

Sterling, VA 20165

(703) 344-3189

valeria@ariamedispa.com

Debtor, Pro Se

**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION**

**In re:**
**Valeria V. Gunkova,**
Debtor. Chapter 7
**Case No.:** 23-11261 BFK

CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: **SUPPLEMENTAL DECLARATION OF VALERIA V. GUNKOVA**

**Date Document Filed:**
July 21, 2025,
Docket Entry No.: _____
I declare under penalty of perjury that (Check one box):

☒ **No attorney has prepared or assisted in the preparation of this document.**

[ ] The following attorney prepared or assisted in the preparation of this document.

Name of Attorney: _____
Address of Attorney: _____
Telephone Number of Attorney: _____
**Name of Pro Se Party (Print or Type):**   /s/ Valeria Gunkova

**Signature of Pro Se Party:** _____

**Executed** on   July 21, 2025.

# TAB 5

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

In re:

VALERIA V. GUNKOVA, Debtor.

Case No. 23-11261-BFK

Chapter 7

**SUPPLEMENTAL DECLARATION OF VALERIA V. GUNKOVA IN SUPPORT OF MOTION TO MODIFY CONSENT ORDER**

Pursuant to 28 U.S.C. § 1746, I, Valeria V. Gunkova, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am the Debtor in the above-captioned Chapter 7 case. I respectfully submit this Supplemental Declaration to further support my Motion to Modify the Consent Order entered on May 15, 2025 (Dkt. No. 370).

2. As previously stated, I filed for Chapter 11 protection in July 2023 with the intent to preserve my primary residence and businesses, not to liquidate my home. The conversion to Chapter 7 and subsequent Consent Order were entered against my wishes and under extreme emotional duress.

3. Since that time, the stress of litigation and the constant threat of losing our home have had a profound effect on my mother's health. She has resided with me at 20701 Riptide Square for more than 13 years and is nearly 80 years old.

4. My mother has developed **acute hypertension and chronic anxiety**, conditions that have required ongoing treatment by her primary care physician and a specialist in internal medicine. Her providers have noted that the instability surrounding the potential forced sale of our home has directly contributed to the escalation of her symptoms.

5. I am prepared to submit a letter from her physician, Dr. [Physician's Name], or her medical records under seal, attesting that:

    - Her systolic blood pressure has been consistently elevated above 160 mmHg in recent months.
    - She has suffered from panic episodes and disorientation linked to chronic housing insecurity.
    - Any displacement would likely result in emergency intervention and hospitalization.

6. I too have experienced significant mental health deterioration, including insomnia, loss of appetite, and recurring chest pain. These symptoms have been treated with prescription medication, which I am currently taking under supervision.

7. I have already lost my businesses, BNG Group LLC and Skin Logic LLC, both of which I built over 15 years. The financial collapse has cost me more than **$650,000 in legal fees**, and I have borrowed extensively from family members simply to survive and attempt compliance with court orders.

8. Despite these hardships, I remain current on my mortgage, home equity line, property taxes, homeowner's insurance, and utilities. I am not seeking a discharge of secured debt—only the opportunity to retain my home and move forward in stability.

9. I respectfully ask the Court to consider this human cost. My mother's health and my own wellbeing hang in the balance. The home is not a speculative asset; it is our only shelter and emotional anchor. We have nowhere else to go.

10. For these reasons, I ask the Court to **modify the Consent Order** and allow me to retain my home under the equitable powers provided by Rule 60(b).

July 21, 2025

Respectfully submitted,

*/s/* **Valeria V. Gunkova**

Valeria V. Gunkova

20701 Riptide Square

Sterling, VA 20165

(703) 344-3189

valeria@ariamedispa.com