**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| In Re: ) | |
| ) | |
| **VALERIA V. GUNKOVA** ) | Case No.: 23-11261-BFK |
| ) | Chapter 7 |
| **Debtor** ) | |

**OPPOSITION TO MOTION TO COMPEL TURNOVER OF POSSESSION
OF REAL PROPERY**

COMES NOW the Debtor, Valeria Gunkova, through her under-signed counsel, and objects to the Chapter 7 Trustee's Motion to Compel Turnover of Possession of Real Property Property.

1. Since the conversion of this case to Chapter 7, Debtor has pursued the feasibility of obtaining a refinancing or obtaining a home equity line of credit on the residence located at 20701 Riptide Sq. Sterling, VA 20165 ("**Property**").

2. The valuations obtained for the Property as part of this investigation were at lower valuations than shown on Zillow resulting in offers to refinance or provide lines of credit at a lower amount than proposed in the Trustee's Turnover Motion (Dkt 323).

3. Regardless, Debtor entered into a settlement with the Trustee for the buyback of the equity in the Property for a total $274,118.00 (the "**Buyback Amount**") against which she was to be credited her claimed exemption.

4. The Debtor and her mother obtained financing for the proposed buyback through UWM and a friend.

Nancy D. Greene, Esquire (VSB #38984)
N  D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030
T. (703) 539-0333/ F. (703) 935.4294
ndg@ndglaw.com
Counsel to Debtor.

5. However, UWM's underwriters had difficulty understanding the Trustee's relationship to the property and role in conveying the title, which delayed the closing and resulting in several communications between Debtor's counsel, the Trustee and the mortgage broker.

6. By the time UWM's underwriters understood and accepted the nature of the Deed the Trustee had to and could provide, the friend that was loaning funds to Ms. Gunkova was out of the United States on travel and could not provide the funds. When she returned to the country, the terms for the loan changed and the proposed interest rate and monthly payments would have been more than Ms. Gunkova and her mother could have afforded.

7. Ms. Gunkova then looked to her network to determine if someone else could provide the necessary funds to cover the approximately $126,000 loan she needed to refinance the property and satisfy the buyback agreement with the Trustee.

8. The Trustee requested the Deed he'd provided for Closing back from the Lender on July 31, 2025.

9. As a result of not being able to obtain the second loan from the originally anticipated source, upon information and belief, Ms. Gunkova applied to a different loan program with UWM, which would allow UWM to lend up to 95% of the home's value. That loan application is still in underwriting.

10. Upon information and belief, Ms. Gunkova has obtained a commitment from Mr. Anthony Winger to loan her up to the full amount of the Buyback Amount if UWM does not approve the new loan application or the deficiency amount if UWM does approve the loan. However, because, upon information and belief, the exact amount necessary won't be determined until UWM completes its underwriting and Mr. Winger needs time to liquidate assets

to fund the loan, he has not committed to provide the funds until October 25, 2025. See, *Exhibit 1*.

11. As a result, the Debtor needs until October 25, 2025 to close on this transaction and consummate the settlement with the Trustee, which settlement will provide the Estate and the creditors the fair value of the Lexus and the Property.

12. Debtor believes that she can close on October 25, 2025.

WHEREFORE, Valeria Gunkova respectfully requests that this Honorable Court deny the Chapter 7 Trustee's Motion to Compel the Debtor to Turn Over Possession of the Property to allow her until October 25, 2025 to consummate the settlement reached related thereto, and grant any further and additional relief as this Court deems just and proper.

Respectfully Submitted,
   /s/ Nancy D. Greene
Nancy D. Greene, VSB 38984
N D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030
T. (703) 539-0333/ F. (703) 935.4294
ndg@ndglaw.com

## Certificate of Service

**I HEREBY CERTIFY** that on August 21, 2025, a true and correct copy of the foregoing, was served electronically via the Court's CM/ECF system upon the parties who are currently on the list to receive e-mail notice/service for this case.

/s/ Nancy D. Greene
Nancy D. Greene

3