**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **VALERIA V. GUNKOVA,** | * | **Case No. 23-11261-BFK** |
| | * | Chapter 7 |
| Debtor. | * | |

**TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION TO CLARIFY AND AUTHORIZE USE OF INSURANCE PROCEEDS AND COMPEL ABANDONMENT**

Donald F. King, the chapter 7 trustee in the above captioned case ("**Trustee**"), by counsel, files this Limited Objection to Debtor's Motion to Clarify and Authorize Use of Insurance Proceeds and Compel Abandonment ("**Limited Objection**"), and in support thereof, states as follows:

1. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 3, 2023.

2. The chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code on August 28, 2024 [Docket No. 255]. Donald F. King was appointed the chapter 7 trustee for the bankruptcy estate ("**Bankruptcy Estate**") on August 28, 2024 [Docket No. 256].

3. Among the assets of the Bankruptcy Estate is real property located at 20701 Riptide Sq. Sterling, VA 20165 ("**Property**").

4. Debtor was ordered by this Court to turnover possession of the Property under the Order Compelling Turnover of Possession of Real Property ("**Turnover Order**") [Docket No. 420] by no later than September 27, 2025.

5. Debtor did not comply with the Turnover Order, but Trustee elected to allow

Bandar K. Al-Saif (VSB No. 100059)
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Tel: 703-218-2144
Fax: 703-218-2160
Email: Bandar.Al-Saif@ofplaw.com

*Counsel for Trustee*

Debtor's financing process to conclude prior to enforcement of his rights under the Turnover Order.

6. On October 21, 2025, Trustee filed his Trustee's Statement Regarding Debtor's Failure to Comply with Turnover Order and Trustee's Intention to Evict the Debtor ("**Trustee's Statement**") [Docket No. 425]. By email on October 23, 2025, Debtor confirmed to Trustee that that Debtor's proposed lender did not approve the financing that would have enabled the Debtor to consummate the equity buy-back, and further notified Trustee that she would begin to pack belongings in the Property on Saturday, October 25, and would vacate the Property by Saturday, November 1.

7. On October 24, 2025, Trustee learned of the fire that severely damaged the Property, having been notified of the fire by emails from both the Debtor's former counsel, Nancy Greene, and Jacob Bogatin.

8. On October 28, 2025, Jacob Bogatin was arrested with charges of felony homicide and arson. The criminal cases pending against Jacob Bogatin are Case Nos. GC25004794-00 and GC25004795-00, both in Loudoun General District Court.

9. On October 27, 2025, Debtor filed the Emergency Notice of Property Destruction, Motion to Clarify and Authorize Use of Insurance Proceeds and Request to Compel Abandonment of Fire-Damaged Property ("**Abandonment Motion**") [Docket No. 426]. Among the relief sought in the Abandonment Motion, Debtor requested this Court I. declare Additional Living Expense benefits (ALE) not property of the bankruptcy estate; II. authorize Debtor and Trustee to jointly endorse any non-ALE checks and deposit same into a segregated account pending further order; III. temporarily suspend deadlines relating to Debtor's equity purchase of the Property; IV. direct the Trustee to abandon any remaining interest in the Property; and V. confirm that the Property

revert fully to Debtor's control.

10. Trustee does not oppose the relief sought by I, provided that ALE does not reduce the insurance proceeds recoverable under the insurance policy.

11. Trustee opposes the relief sought by II. Any non-ALE benefits are property of the Bankruptcy Estate. The Property is property of the Bankruptcy Estate under 11 U.S.C. § 541(a)(1). The Supreme Court has interpreted Section 541(a)(1) broadly. *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983). The broad interpretation extends generally to insurance policies insuring property of the estate. *See Am. Bankers Ins. Co. v. Maness*, 101 F.3d 358, 362 (4th Cir. 1996) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986)).

12. III, which seeks suspension of deadlines pertaining to the previous equity buy-back offer of Trustee is inapplicable. The Debtor has formally confirmed that she is unable to obtain the financing to consummate the equity buy-back, and the Trustee's offer was formally rescinded by the Trustee's Statement, further supported by the Turnover Order.

13. Under IV, Debtor seeks to circumvent Trustee's discretion. Abandonment has consistently been deemed by courts to be an issue reserved for the Trustee's business judgment. *In re Interpictures*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) (citing *First Nat'l Bank v. Lasater*, 196 U.S. 115, 118-19; *In re K.C. Machine & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987)). The Trustee's business judgment is applicable both to cases of action and inaction with regard to abandonment. 168 B.R. at 535. In this case, the Trustee anticipates that the Property will be restored by use of the insurance proceeds, at which time the Trustee will sell the Property on behalf of the Bankruptcy Estate (the Trustee also may have the option to simply accept the insurance proceeds in lieu of restoring the Property). Abandonment of the Property or the policy is not in the interest of the Bankruptcy Estate.

14. V fails for the same reason as II – namely, that both the Property and its insurance policy are property of the Bankruptcy Estate. The Property should not revert to Debtor's control when the possibility exists for the Bankruptcy Estate to benefit substantially from insurance proceeds, including reconstruction and sale of the Property.

WHEREFORE, Trustee respectfully requests the Court (i) deny Debtor's Abandonment Motion; and (ii) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DONALD F. KING, TRUSTEE**
By Counsel

**/s/ *Bandar K. Al-Saif***
**Bandar K. Al-Saif (VSB No. 100059)**
**ODIN FELDMAN PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Tel: 703-218-2144**
**Fax: 703-218-2160**
**Email: Bandar.Al-Saif@ofplaw.com**

*Counsel for Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2025, a true and accurate copy of the foregoing Limited Objection was sent (i) via Notice of Electronic Filing to all registered users in this case pursuant to this Court's CM/ECF policy, and (ii) via email to the Debtor at valeria@ariamedispa.com.

*/s/ Bandar K. Al-Saif*
Bandar K. Al-Saif

#6540583v1